# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

————————

m 00-10310
Summary Calendar

————————

CARRIE BATTE,

Plaintiff-Appellant,

VERSUS

TWIN CITY FIRE INSURANCE COMPANY,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Northern District of Texas
(3:98-CV-1282-D)

————————————

September 15, 2000

Before SMITH, BENAVIDES, and
DENNIS, Circuit Judges.

PER CURIAM:[*]

————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Carrie Batte fell at work, complained of injury to her left knee, and was taken to the emergency room. Accident and treatment reports, including one signed by Batte, indicated that her left knee had been injured. She received treatment for that knee and returned to work.

Batte later informed her employer that she also had injured her right knee during the fall,

and received treatment for that knee a month after the fall. She had a precedent history of trouble with her right knee.

Batte's employer notified its workers' compensation insurer, Twin City Fire Insurance Company ("Twin City"), of the incident. Twin City investigated and found the injury to the left knee compensable, but because of the delay in reporting injury to the right knee and Batte's history of right-knee trouble, it contested compensability for the right knee. Batte filed a claim for compensation for her right knee with the Texas Workers' Compensation Commission, which found her right-knee injury compensable.

Batte sued, claiming that Twin City had acted in bad faith by contesting her claim for compensation for her right knee. The district court granted summary judgment for Twin City, explaining that Batte could not prevail because a jury could not, under these facts, find that Batte had established that it had been "reasonably clear" to Twin City that it must pay Batte's right-knee claimSSand thus that it could not find that Twin City had acted in bad faith.

We find cogent, and adopt, the legal and factual analysis of the district court. The judgment, accordingly, is AFFIRMED.